IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRENDA MITCHELL, INDIVIDUALLY and as
NATURAL GUARDIAN AND
NEXT FRIEND OF JOHN DOE                                               **PLAINTIFFS**

v.                                                    CIVIL ACTION NO.:3:20-cv-566-CWR-LRA

PEARL PUBLIC SCHOOL DISTRICT;
RAYMOND C. MORGIGNO, Individually and
in an official capacity as Superintendent of PPSD;
CHRISTOPHER BARNETT, individually and as an agent of PPSD;
GEORGE KERSH, individually and as an agent of PPSD;
GLYN TRIGG, individually and as an agent of PPSD;
AND JANE DOES 1-10                                                    **DEFENDANTS**

## FIRST AMENDED COMPLAINT
## (TRIAL BY JURY REQUESTED)

COMES NOW Plaintiff BRENDA MITCHELL, individually and as natural guardian and next friend of JOHN DOE, a minor (collectively "Plaintiffs"), by and through undersigned and undernoted counsel, against Defendants PEARL PUBLIC SCHOOL DISTRICT (hereinafter "PPSD"); RAYMOND C. MORGIGNO, individually and in his official capacity as Superintendent of PPSD; CHRISTOPHER BARNETT, individually and as an agent of PPSD; GEORGE KERSH, individually and as an agent of PPSD; GLYN TRIGG, individually and as an agent of PPSD, and Jane Does 1-10 (collectively "Defendants"), and in support would state, allege, and show as follows:

**Parties:**

1.      Plaintiff Brenda Mitchell is an adult resident of Rankin County, Mississippi, whose address is 134 Aero Drive, Pearl, Mississippi 39208, and is the natural guardian and next friend of the minor child referenced herein, John Doe.

1

2.       Plaintiff John Doe is a minor and a resident of Rankin County, Mississippi, whose address is 134 Aero Drive, Pearl, Mississippi 39208, and the minor attended school in the PPSD during the time of the events described in this Complaint.

3.       Defendant Pearl Public School District is a political subdivision of the State of Mississippi existing by and under the laws of the State of Mississippi, and a local educational agency and may be served process through its Superintendent/Chief Executive Officer Raymond C. Morgigno at its principal place of business at 3375 Highway 80 East, Pearl, Mississippi 39208.

4.       Defendant Raymond C. Morgigno, is an adult resident citizen of the State of Mississippi, and the Superintendent of the Pearl Public School District, and may be served at the entity's principal place of business at 3375 Highway 80 East, Pearl, Mississippi 39208, or wherever he may be found.

5.       Defendant Christopher Barnett is an adult resident of the State of Mississippi, and was/is the head varsity and/or junior varsity track coach at Pearl High School during events discussed in this *Complaint*. He may be served at his presumed residence 322 East Meade Street, Pearl, Mississippi 39208, upon information and belief, or wherever he may be found. In such employment, Defendant Barnett had a duty to supervise the conduct of students under his authority and to protect the physical, emotion, and mental safety of students under his authority and supervision at all times so under. This duty would include the duty to report any allegations of sexual abuse to appropriate authorities pursuant to Mississippi law. Additionally, as a track coach he had the duty and ability to take corrective action on behalf of PPSD to stop hazing, harassment, bullying, and other assaults against students under his control and to discipline offending actors.

2

6.      Defendant George Kersh is an adult resident of the State of Mississippi, and was/is the assistant varsity and/or junior varsity track coach at Pearl High School during events discussed in this *Complaint*. He may be served at his presumed residence of 112 Magnolia Way, Pearl, Mississippi 39208, upon information and belief, or wherever he may be found. In such employment, Defendant Kersh had a duty to supervise the conduct of students under his authority and to protect the physical, emotion, and mental safety of students under his authority and supervision at all times so under. This duty would include the duty to report any allegations of sexual abuse to appropriate authorities pursuant to Mississippi law. Additionally, as a track coach he had the duty and ability to take corrective action on behalf of PPSD to stop hazing, harassment, bullying, and other assaults against students under his control and to discipline offending actors.

7.      Defendant Glyn Trigg is an adult resident of the State of Mississippi, and was/is the assistant varsity and/or junior varsity track coach at Pearl High School during events discussed in this Complaint. He may be served at his presumed residence of 312 Orchard Way, Brandon, Mississippi 39047, upon information and belief, or wherever he may be found. In such employment, Defendant Trigg had a duty to supervise the conduct of students under his authority and to protect the physical, emotion, and mental safety of students under his authority and supervision at all times so under. This duty would include the duty to report any allegations of sexual abuse to appropriate authorities pursuant to Mississippi law. Additionally, as a track coach he had the duty and ability to take corrective action on behalf of PPSD to stop hazing, harassment, bullying, and other assaults against students under his control and to discipline offending actors.

8.      Unknown Defendants Jane Does are potential unknown defendants who may become known throughout the discovery process, and who may be added to this litigation through a future amended complaint.

**Jurisdiction and Venue:**

9.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and over the parties and the subject matter of this action pursuant to 42 U.S.C. §S1983 and 1985 under 28 U.S.C. §1343, as well as supplemental jurisdiction over claims arising under Mississippi state law under 28 U.S.C. §1367, as well as the Fourteenth Amendment of the United States and Mississippi Constitutions.

10.     The Defendant PPSD is political subdivision of the State of Mississippi located in and operating solely out of Rankin County, Mississippi, which is located in the Southern District of the United States District Court, Northern Division, and venue in this Court is proper under 28 U.S.C. §1391(b) because substantial events and occurrences giving rise to this action occurred in the Southern District of Mississippi, and in this Division, and, upon information and belief, all of the parties reside or are based in this Judicial District.

**Jury Demand**

11.     Plaintiffs hereby demand a trial by jury.

**Factual Background**

12.     The minor, John Doe, beginning with the school year 2017-2018 and continuing through and until on or around September 21, 2019, was a member of the track team of Pearl High School, under PPSD, and during this period was subject to hazing, harassment, bullying, and even sexual assault and abuse by older athletic teammates during the times that he was either

at school operated by PPSD or on athletic trips organized and supervised by PPSD and its employees and agents. The agents and employees of the PPSD either knew of the hazing, harassment, bullying and sexual abuse and assault inflicted on younger athletes by older teammates, or should have been aware of such incidents, due to being informed of the same on multiple occasions. However, the agents and/or employees of PPSD dismissed and downplayed the sexual assaults as hazing or horseplay and failed to take action to supervise the students or protect those subject to such abuse.

13.    The minor was subject to repeated actions by fellow student-athletes, for so-called "hazing rituals", and which actions are legally defined under the Mississippi Code as "sexual battery", which are felonies, punishable, on each count or occurrence, with imprisonment for up to thirty (30) years, or even life, depending on the ages involved of the victims and perpetrators.

14.    The criminal acts include multiple acts of penetration by older teammates on the minor child, and attempts at penetration by mops, rollers, etc., and illegal fondling, along with forced sexual simulations, etc. Penetration was committed on the child around five (5) times when the child was in the seventh (7th) grade, once when he was in the eighth (8th) grade, and before the child entered the ninth (9th) grade, the older athletes began attacking him again. The acts began while the child was a student under the PPSD in the seventh (7th) grade, and continued through the time that he was in the ninth (9th) grade, until ultimately the child attempted to defend himself from his perpetrator(s) on or around September 21, 2019, after which time he was forced to leave school.

15.    Despite the alleged acts perpetrated on the minor being among the most severe felonies under our law, the PPSD and its agents and employees failed to report such incidents to

5

authorities, failed to put a stop to the continued so-called "hazing" of younger student-athletes by older ones, and failed to protect the rights of the child in question. The individuals involved and presumably with knowledge include coaches Christopher Barnett, George Kersh, and Glyn Trigg, in either knowing of the sexual abuse or negligently or intentionally failing to be aware of it or stop it. Additionally, several minor student-athletes were the so-called "ringleaders" of assaulting the minor child (and others), and such, being minors, may be included at a later time if an amendment to this complaint is requested, but those other students were not acting as agents of PPSD. However, upon information and belief, no action was ever taken against the perpetrators by the PPSD or the coaching staff.

16.     In July 2019, at a track camp in or around Winston County, Mississippi, at Lake Tiak-O'khata, two upper-classmen athletes jumped on the minor child and other younger track members and attempted felony penetration on the minor child, and the coaches did nothing. When the minor child was in the 8th grade, another student athlete told Coach Barnett that an older track athlete was grappling with a younger track athlete and that the older one was trying to [penetrate the child] with a roller. All the younger athletes were talking about it, and the only action taken by Coach Barnett was to tell the athletes to cut out the "wrestling". Therefore, it is clear that these actions, customs, or rituals were sanctioned by the PPSD and its employees/agents, or a blind eye was turned toward them, and the PPSD failed to properly train, supervise, discipline, or screen its agents/employees, and the actions permitted by the PPSD instituted a *de facto* policy of the district in allowing the customs and rituals to continue.

17.     In spite of the alleged knowledge of the sexual assault, attempted sexual assault, and hazing, the PPSD coaching staff insisted on having younger teammates room with older ones

on overnight trips, directly leading to the assaults. Finally, in September 2019, at an overnight track trip, one of the older teammates came into John Doe's room, and mounted him in order to sexually assaulted him and another younger teammate. Other younger teammates were yelling out that night that they were also being violated. In fact, one of the younger track athletes specifically informed Coach Barnett that he did not want to return back to the room with the older teammate, but when Coach Barnett found the younger child in another room (where he felt safe), Coach Barnett made the younger child go back to the room with the older teammate who was one of the assaulting ringleaders, with Coach Barnett telling the younger one that he "did not have a choice." After following the Coach's orders to return to the room with the abusive teammate, the other child later disobeyed the Coach's orders and secretly returned to the room of his younger friend to avoid the assaults from the older teammate.

18.     It was after this trip in September 2019 that John Doe herein got into an altercation with the abusive older teammate on a bus ride back, and at this point, on or around September 21, 2019, he let his mother know what had been happening to him for the last several years.

19.     Incredibly, when this matter was reported to the coaches, school officials, and other leaders, since other boys did not come forward to support John Doe's story, no charges were filed, presumably no actions were taken, and it was swept under the rug. It is unknown at this time whether or not this allegation was investigated by the District Attorney's office, or whether it remained with the police only. (In many child sexual assault cases, the testimony of the child is the only eyewitness account, and there are countless individuals currently serving

lengthy prison sentences without parole based solely on the testimony of one child, without physical evidence).

20.     The hazing, sexual assault, and other bullying and harassment acts discussed herein, upon information and belief, have been a part of the culture of the track team at Pearl High School and in the PPSD for years, and such actions and practices have either been sanctioned by the coaches and administrators of PPSD or have had a blind eye turned toward them, even after such incidents were reported to them. Older athletes would give each other hand-signs or use code words – such as "Giving Smoke" -  to indicate the type of abuse, hazing, or sexual assault that would be or had been performed on a younger teammate.

21.     As a result of the sexual assault, hazing, and abuse, and lack of any steps to protect John Doe from its continuation, John Doe was forced to leave school in September 2019, and has only now (August 2020) returned to continue his education.

22.     On April 29, 2020, Plaintiffs, by and through counsel, had caused to have hand-delivered a *Notice of Claim* under Miss. Code. Ann. §11-46-11, which was signed for and received by an agent for the Superintendent/Chief Executive Officer of the Pearl Public School District. See *Notice of Claim* and *Acknowledgement*, redacted (as to minor's name) which is attached hereto as cumulative Exhibit "1".[1] On May 26, 2020, the attorney for PPSD mailed and had postmarked on that date a denial of the claim to undersigned counsel, which denial was received by

---

[1] Note the *Acknowledgement* was signed for on behalf of PPSD on April 29, 2020, and dated for that date, by the person authorized to accept on behalf of the Superintendent/Chief Executive Officer, although the *Notice of Claim* had a date of April 27, 2020. Also, in the body of the *Acknowledgement*, a prior date of March 6th was erroneously left in the document, as the original date of the attempts at service were affected by the closures of the PPSD offices for an extended period due to the COVID-19 closures and inability to have the same delivered during that time.

undersigned counsel on May 27, 2020. See attached Exhibit "2". Plaintiffs now file this Complaint within ninety (90) days of the receipt of said denial of the claim by PPSD.

### COUNT 1—WILFUL AND WANTON CONDUCT; NEGLEGENCE

23.     Plaintiffs incorporate by reference all preceding paragraphs.

24.     During the school years set out herein, PPSD, by and through its actual agents, apparent agents, employees and/or servants – Defendants BARNETT, KERSH, TRIGG  - had a duty to supervise and protect the physical safety of Pearl High School students and/or athletes and to refrain from acting with an utter indifference and/or conscious disregard for the safety of PPSD students attending Pearl High School, including John Doe.[2]

25.     PPSD by and through its actual agents, apparent agents, employees and/or servants – Defendants BARNETT, KERSH, TRIGG – breached its duty to PLAINTIFFS in one or more of the following ways:

   a.     Defendants knew or should have known that, by not supervising their charges, such acts of bullying, harassment, assault, retaliation and sexual assault could occur;

   b.     Defendants knew or should have known about the traditions of Pearl High School, which included hazing and bullying of a sexual nature, including actions which would be classified as sexual battery;

---

[2] During part of the time complained of herein, John Doe was actually in middle school in the PPSD, and upon information and belief middle school students were allowed to participate in high school spring sports, and therefore when discussing in this Complaint the events over several school years, the generic term "high school" will be used to refer to the time that John Doe participated in the high school track program, even though his time there overlapped middle school and high school.

c.  Defendants knew or should have known that bullying and hazing was so prevalent that unwilling participants were forced to take part in acts that were assaultive, illegal, and sexual in nature;

d.  Defendants knew or should have known that their failure to properly supervise practices, track camps, school-sponsored events and outings of Pearl High School posed a high probability of serious harm to students, including John Doe;

e.  Defendants recklessly did not inform the authorities or administration of the occurrence of bullying, hazing and/or abuse to John Doe, in violation of Miss Code Ann. §§37-11-67, 37-11-69, and §37-9-14(w) and (x); this failure showed Defendants' utter indifference to the seriousness of what had been done to John Doe, and signaled to others that further mistreatment of John Doe was acceptable;

f.  Defendants acted with reckless indifference or conscious disregard to the hazing, bullying, abuse, and sexual assault experienced by John Doe and perpetuated by and/or reported to Defendants, or alternatively, negligence in failing to supervise or prevent the assaults on John Doe;

g.  Defendants recklessly or consciously disregarded the substantial risks posed by not supervising practices, track camps, and school-sponsored events of Pearl High School;

h.  Defendants recklessly or consciously disregarded the substantial risks that actions perpetrated against John Doe constituted criminal acts; and;

10

     i.     Defendants were otherwise willful and wanton in their conscious disregard of the safety of John Doe, or alternatively, negligent in the exercise of their duties in its prevention.

26.     As a direct and proximate result of these willful and wanton acts and/or omissions, or alternatively negligence, John Doe sustained serious injuries and suffered severe emotional distress.

WHEREFORE, Plaintiffs BRENDA MITCHELL, individually and as natural guardian and next friend of JOHN DOE, pray for judgment against Defendants PPSD, and MORGIGNO, BARNETT, KERSH, and TRIGG as agents of Defendant PPSD, for money damages in excess the jurisdictional amount, interest on any damages awarded, and costs incurred in bringing this action.

## COUNT 2 — INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiffs incorporate by reference all preceding paragraphs.

28.     While serving as John Doe's track coaches and teachers during the school years set out herein, Defendants BARNETT, KERSH, and TRIGG had a duty to refrain from acting with extreme and outrageous conduct toward the students they supervised, and a duty to exercise reasonable care over their charges, including John Doe.

29.     While serving as John Doe's track coaches and teachers, and despite the aforementioned duties, Defendants BARNETT, KERSH, and TRIGG engaged in extreme and outrageous conduct by ignoring verbal, physical, and sexual abuse endured by John Doe, despite possessing information and/or witnessing that such events had occurred; tolerating harassment, hazing, and bullying in direct violation of district policy; detrimentally effecting John Doe's mental health and substantially interfering with John Doe's academic performance and ability to benefit

11

from school services; not observing, supervising or investigating allegations of harassment, hazing, and bullying; allowing students who engaged in the harassment, hazing, and bullying of John Doe, where they could further mistreat John Doe; and not taking requisite action to discipline students involved in the harassment, hazing, and bullying of John Doe.

30.     Defendants BARNETT, KERSH, and TRIGG were made aware of the hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe, including the fact that he and others were sexually assaulted during track events, practices, or other track-related trips while on or away from school property.

31.     Defendants BARNETT, KERSH, and TRIGG either intended their conduct to inflict severe emotional distress on John Doe, or recklessly, consciously, or negligently disregarded the probability that their conduct would cause emotional distress to John Doe.

32.     Defendants BARNETT, KERSH, and TRIGG acted willfully and maliciously, and/or negligently, and with knowledge of, or with conscious disregard of, the harm that would be inflicted by allowing John Doe to be bullied, hazed, assaulted and sexually assaulted.

33.     As a direct and proximate result of the acts and omissions set forth above, John Doe has been damaged in that he suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent damage to his social and emotional well-being and has impaired his ability to function at a level at which he could reasonably have been expected to function.

WHEREFORE, Plaintiffs BRENDA MITCHELL individually and as natural guardian and next friend of JOHN DOE, prays for judgment against Defendants PPSD, MORGIGNO, BARNETT, KERSH,

and TRIGG, individually, for money damages in excess of the jurisdictional amount, interest on any damages awarded, and costs incurred in bringing this action.

### COUNT 3 - CIVIL RIGHTS VIOLATION - 42 U.S.C §1983: SUBSTANTIVE DUE PROCESS

34.     Plaintiffs incorporate by reference all preceding paragraphs.

35.     John Doe has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from said illegal practices and policies.

36.     At all relevant times Defendants MORGIGNO, BARNETT, KERSH, and TRIGG were acting under color of state law.

37.     The actions and omissions of Defendants BARNETT, KERSH, and TRIGG, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest, and should notice have been made to Defendant MORGIGNO by one of the three, such actions or omissions shall apply to said Defendant as well.

38.     As a result of Defendants' actions, John Doe suffered a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution and is thus entitled to an award of monetary damages from the individual Defendants.

39.     PPSD's written policies and procedures, undertaken to implement and comply with Mississippi's bullying prevention laws (Miss. Code Ann. §§37-11-67 and 37-11-69), establish a minimum standard of conduct for PPSD employees, including Defendants MORGIGNO, BARNETT, KERSH, and TRIGG.

40.     PPSD purports to follow a policy, outlined in its own Handbook for 2020-21, presumably in effect for prior years, that purports to comply with Miss. Code Ann. §37-9-14(w) and (x), and requires that:

Any principal, teacher or other school employee who has knowledge of any unlawful activity which occurred on educational property or during a school related activity or which may have occurred shall report such activity to the superintendent of the school district or his designee who shall notify the appropriate law enforcement officials. The superintendent or his designee will notify, in writing, the parent, guardian or custodian, the youth court and local law enforcement of any expulsion of a student for criminal activity as defined in Section 37-11-29. The superintendent or his designee will notify the youth court and local law enforcement agencies, by affidavit, of the occurrence of any crime committed by a student or students upon school property or during any school-related activity, regardless of location and the identity of the student or students committing the crime.

41.     Further, PPSD purports to follow a policy, outlined in its own Handbook for 2020-21, presumably in effect for prior years, that purports to address bullying or harassing behavior, in order to comply with Miss. Code Ann. §§37-11-67 and 37-11-69, and requires that:

Students and employees in the Pearl Public School District are protected from bullying or harassing behavior by other students or employees. It is the intent of the Board and the administration to maintain an environment free from bullying and harassing behavior. These complaint procedures, which can be found on the district website at www.pearlk12.com, provide a process for filing, processing, and resolving complaints of such conduct. Adherence to these procedures is mandatory. The failure of any person to follow these procedures will constitute a waiver of the right to pursue a complaint at any level, including review by the Board.

Bullying or harassing behavior will not be condoned or tolerated when it takes place on school property, at any school-sponsored function, or on a school bus, or when it takes place off school property when such conduct, in the determination of the superintendent or school principal, renders the offending person's presence in the classroom a disruption to the educational environment of the school or a detriment to the best interest and welfare of the pupils and teacher of such class as a whole.

Any student, school employee, or volunteer who feels he/she has been a victim of bullying or harassing behavior or who has witnessed or has reliable information

14

that a student, school employee or volunteer has been subject to bullying or harassing behavior shall report such conduct to a teacher, principal, counselor or other school official. The report shall be made promptly but no later than five (5) calendar days after the alleged act or acts occurred.

42.    Additionally, PPSD purports to follow a policy, outlined in its own Handbook for 2020-21, presumably in effect for prior years, that purports to address sexual harassment and verbal or physical conduct of a sexual nature constituting harassment, and requires that:

> Students in the Pearl Public School District are protected from sexual discrimination, including sexual harassment by Title VII and Title IX of the Education Amendment of 1972 to the Civil Rights Act. It is the intent of the school district to maintain an environment free from sexual harassment of any kind. Therefore, unwelcome sexual advances, request for sexual favors and other verbal or physical conduct of a sexual nature amounting to or constituting harassment are prohibited.
>
> Complaints are to be filed with the building level principal or other trusted adult. The principal will immediately investigate a complaint. If evidence is adequate for a potential problem, he/she will follow procedures as approved in school board policy.

43.    Despite the requirements set out above, in state law and its own handbook, either one of two following scenarios is true, either: 1) not one of the Defendants MORGIGNO, BARNETT, KERSH or TRIGG notified the parents of John Doe, the youth court, or local law enforcement authorities of the criminal acts, bullying, or harassment committed on John Doe and others; or 2) not one of the Defendants BARNETT, KERSH nor TRIGG notified Superintendent MORGIGNO of the criminal acts, bullying, or harassment committed on John Doe and others.

44.    Plaintiff Brenda Mitchell was the individual who notified local officials and law enforcement of the criminal acts committed on her minor child, only after her child first told her about it after the September 21, 2019 incident, and only after a complete failure of notification

15

by the statutorily-required officers and agents of PPSD set out above who were required to do so, in compliance with Mississippi law and the policies and procedures of PPSD.

      45.    PPSD policy and/or state law were not followed by Defendant PPSD employees in that:

    a.    Defendants and other employees and agents of Defendant PPSD created, and allowed the existence of, the culture of hazing, harassment, bullying and sexual assault that victimized John Doe;

    b.    Upon information and belief, no report of the hazing, harassment, bullying, abuse, and other unlawful treatment experienced by John Doe was ever submitted to any law enforcement or youth court until after Plaintiff Mitchell initiated the same such contact, and, upon information and belief, personal observations of hazing, harassment, bullying, abuse, and other unlawful treatment were not immediately reported to the principal, superintendent, or other designee;

    c.    Upon information and belief, the students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate (or any) disciplinary measures;

    d.    Upon information and belief, investigations into the allegations by John Doe and others to Defendants were not promptly initiated by the agents and/or employees of Defendant PPSD;

    e.    Upon information and belief; students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe were allowed to

continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand;

f.      Upon information and belief, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe were removed from the track team as a result of the hazing, harassment, bullying, abuse, and other unlawful treatment;

g.      Upon information and belief, bullying reports were not addressed in any way;

h.      Upon information and belief, Defendants BARNETT, KERSH and TRIGG, who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were not disciplined or removed from their positions as coaches and/or teachers; and

i.      Defendants MORGIGNO, BARNETT, KERSH, and TRIGG otherwise violated school policy and state law.

46.      PPSD policy, and thereby Mississippi law contained in its bullying prevention act and the reporting of criminal acts committed on John Doe, were not followed at Pearl High School during John Doe's attendance and were not followed in the case of John Doe's hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment. In this action and omission, Defendants PPSD, BARNETT, KERSH, and TRIGG were deliberately indifferent to John Doe and his subsequent deprivation of rights.

47.      Mississippi law was not followed by Defendants BARNETT, KERSH, and TRIGG in that they did not inform the authorities or administration of the occurrence of hazing and/or abuse to John Doe, in violation of Miss. Code Ann. §§37-11-67, 37-11-69, and §37-9-14(w) and

(x), or, alternatively, if they did inform the Administration, then such violations would also include Defendant MORGIGNO.

48.     Defendants disregarded the substantial risks that actions were perpetrated against John Doe that would constitute criminal acts under Miss. Code Ann. §97-3-95.

49.     Mississippi law was not followed in the case of John Doe's hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment, and in this action and omission Defendants PPSD, BARNETT, KERSH, and TRIGG were deliberately indifferent to John Doe and his subsequent deprivation of rights, or, alternatively, if they did inform the Administration, then such violations would also include Defendant MORGIGNO.

50.     Defendants' deliberate indifference to John Doe's safety, PPSD policy, and state law demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, supervision, policy and legal requirements.

51.     Defendant BARNETT's dismissal of John Doe's complaints and his statement, when informed of the attempted felonious attack at the lake, that the team members should stop "wrestling", after the abuse was reported, sent the signal to the older athletes that they could continue to act with impunity toward John Doe.

52.     Defendants PPSD, BARNETT, KERSH, and TRIGG's failure to supervise, discipline, reprimand, report, or terminate from the team the offending older students who assaulted John Doe, manifested a tacit endorsement of a culture of hazing, bullying, abuse and sexual assault to staff, coaches, and students and an endorsement that they could act with impunity toward John Doe.

53.     Defendants BARNETT, KERSH, and TRIGG had a duty to observe, supervise, and protect John Doe during school-sponsored events, track practices, track camps, while on school grounds at track practice, and while at Pearl High School or participating in track-related events. They failed to fulfill these duties.

54.     As a direct and proximate result of the acts and omissions set forth above, John Doe suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

55.     As a direct and proximate result of the acts and omissions set forth above, John Doe suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

WHEREFORE, Plaintiffs BRENDA MITCHELL, individually and as natural guardian and next friend of JOHN DOE, pray for judgment against Defendants PPSD, MORGIGNO, BARNETT, KERSH, and TRIGG, individually, for money damages in excess of the jurisdictional amount, attorney's fees, interest on any damages awarded, and costs incurred in bringing this action.

### COUNT 4— CIVIL RIGHTS VIOLATION - 42 U.S.C § 1983: EQUAL PROTECTION

56.     Plaintiffs incorporate by reference all preceding paragraphs.

57.     That at all relevant times, Defendants BARNETT, KERSH, and TRIGG were acting under color of state law.

58.     That the above actions by Defendants BARNETT, KERSH, and TRIGG have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as John Doe was retaliated against, harassed, bullied, and intimidated, all against his will, and differently than those similarly situated students.

59.     That the actions of Defendants were the result of personal animus against John Doe, or those in his class of one due to his age or status as a younger member of the track team, subject to such abuse due to his age, and said actions and denials were taken without any rational basis.

60.     That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the Constitutional rights of John Doe and other similarly situated students, all in violation of his Constitutional rights.

61.     That by reason of the aforesaid actions, John Doe suffered actions that were not inflicted upon regular students who were not younger students in middle school or freshman participating in high school track events.

62.     John Doe was intentionally treated differently from the rest of his older peers on the track team, and there was no rational basis for the different treatment, including being subjected to hazing, harassment, bullying, retaliation and sexual assaults by other students.

63.     Defendants BARNETT, KERSH, and TRIGG did not take adequate action to prevent or deter the conduct complained of.

64.     PPSD purported to follow a policy, outlined in the Handbook, of zero tolerance for harassment or bullying of any kind during any school-sponsored program or activity on school property, or criminal conduct committed against a student.

20

65.     PPSD's written policies and procedures, undertaken to implement and comply with Miss. Code Ann. §§37-11-67, 37-11-69, and §37-9-14(w) and (x), establish a minimum standard of conduct for PPSD employees, including Defendants BARNETT, KERSH, and TRIGG, and MORGIGNO, if informed.

66.     PPSD has in effect the policies in its Handbook, upon information and belief, outlined in Paragraphs 40-42 above, incorporated herein by reference, that requires there be a policy of no bullying, hazing, harassment, or criminal actions against a student, and instituting mandatory reporting requirements if so reported or made aware of its existence.

67.     PPSD policy was not followed by Defendant PPSD employees in that:

a.      Defendants and other employees and agents of Defendant PPSD created, and allowed the existence of the culture of hazing, harassment, bullying and sexual assault that victimized John Doe;

b.      Upon information and belief, no report of the hazing, harassment, bullying, abuse, and other unlawful treatment experienced by John Doe was ever submitted to PPSD;

c.      Upon information and belief, personal observations of hazing, harassment, bullying, abuse, and other unlawful treatment were not immediately reported to the principal, superintendent, or other designee;

d.      Upon information and belief, the students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures;

21

e.      Upon information and belief, investigations into the allegations by John Doe were not promptly initiated by the agents and/or employees of Defendant PPSD;

f.      Upon information and belief, students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand;

g.      Upon information and belief, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe were removed from the track team as a result of the hazing, harassment, bullying, abuse and other unlawful treatment;

h.      Upon information and belief, bullying reports were not addressed in any way;

i.      Upon information and belief, Defendants BARNETT, KERSH, and TRIGG who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were not disciplined or removed from their positions as coaches; and

j.      Defendants BARNETT, KERSH, and TRIGG otherwise violated school policy and state law.

68.     PPSD policy was not being followed at Pearl High School during John Doe's attendance and participation on the track team and was not followed in the case of John Doe's hazing, harassment, bullying, abuse, and other unlawful treatment. In this action and omission, Defendants BARNETT, KERSH, and TRIGG were deliberately indifferent to John Doe and his subsequent deprivation of rights.

69.     Defendants' deliberate indifference to John Doe's safety and PPSD policy demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, and supervision during team sport participation.

70.     Defendants PPSD, BARNETT, KERSH, and TRIGG's failure to supervise, discipline, reprimand, report, or terminate from the team the offending older students who assaulted John Doe, manifested a tacit endorsement of a culture of hazing, bullying, abuse and sexual assault to staff, coaches and students and an endorsement that they could act with impunity toward John Doe.

71.     Defendants PPSD and MORGIGNO's failure to supervise, discipline, reprimand or terminate Defendants BARNETT, KERSH, and TRIGG for failure to supervise, discipline, reprimand, report, or terminate from the team the offending older students who assaulted John Doe, manifested a tacit endorsement of a culture of hazing, bullying, abuse, and sexual assault to staff, coaches and students and an endorsement that they could act with impunity toward John Doe.

72.     Defendants PPSD and MORGIGNO's failure to supervise, discipline, reprimand or terminate Defendant BARNETT, KERSH, and/or TRIGG evidenced a tacit endorsement of a culture of hazing, bullying abuse and assault manifested to coaches, students, and staff that they could act with impunity toward John Doe.

73.     Defendants PPSD, MORGIGNO, BARNETT, KERSH, and TRIGG had a duty to observe, supervise, and protect John Doe during school-sponsored events, and in practice, while on school grounds and on school-related functions, and they failed to do so.

74.     As a direct and proximate result of the acts and omissions set forth above, John Doe suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth

Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

75.     As a direct and proximate result of the acts and omissions set forth above, John Doe suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

WHEREFORE, Plaintiffs BRENDA MITCHELL, individually and as natural guardian and next friend of JOHN DOE, pray for judgment against Defendants PPSD, MORGIGNO, BARNETT, KERSH, and TRIGG, individually, for money damages in excess of the jurisdictional amount, attorney's fees, interest on any damages awarded, and costs incurred in bringing this action.

### COUNT 5—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 (MONELL CLAIM)

76.     Plaintiff incorporates by reference all preceding paragraphs.

77.     The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy and widespread custom of not supervising, monitoring or protecting students during track practices, track camps, while attending school-sponsored events, or while on school property at Pearl High School and subsequently not reporting, sufficiently investigating or disciplining harassment, hazing, assault, sexual assault, and bullying that occurs.

78.     This *de facto policy* and widespread custom of Defendant PPSD is implemented by Defendants BARNETT, KERSH, and TRIGG, all acting under the color of law, who chose to violate Plaintiff's Constitutional rights, without rightful authority of law.

79.     The existence of the *de facto* policy and widespread custom described above has been known or should have been known to supervisory and policy making officers and officials of Defendant PPSD for a substantial period of time.

80.     Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the Defendant PPSD has not taken steps to determine said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in said practices, have not effectively trained the track coaches, including Defendants BARNETT, KERSH, and TRIGG, with regard to the proper Constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

81.     That John Doe has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from offensive harassment and criminal acts committed on him in school.

82.     PPSD's written policies and procedures, undertaken to implement and comply with Miss. Code Ann. §§37-11-67, 37-11-69, and §37-9-14(w) and (x), and establish a minimum standard of conduct for PPSD employees, including Defendants BARNETT, KERSH, and TRIGG.

83.     PPSD purports to follow a policy, outlined in the Handbook, upon information and belief, outlined in Paragraphs 40-42 above, incorporated herein by reference, that requires there be a policy of no bullying, hazing, harassment, or criminal actions against a student, and instituting mandatory reporting requirements if so reported or made aware of its existence.

84.     PPSD policy was not followed by Defendant PPSD agents and/or employees set out herein in that:

25

a.    Defendants and other employees and agents of Defendant PPSD created, and allowed the existence of, the culture of hazing, harassment, bullying, and sexual assault that victimized John Doe;

b.    Upon information and belief, no report of the hazing, harassment, bullying, abuse, and other unlawful treatment experienced by John Doe was ever submitted to PPSD;

c.    Upon information and belief, personal observations of hazing, harassment, bullying, abuse, and other unlawful treatment were not immediately reported to the principal, superintendent, or other designee;

d.    Upon information and belief, the students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures;

e.    Upon information and belief, investigations into the allegations by John Doe were not promptly initiated by the agents and/or employees of Defendant PPSD;

f.    Upon information and belief, students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand;

g.    Upon information and belief, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of John Doe were removed from the track team as a result of the hazing, harassment, bullying, abuse, and other unlawful treatment;

h.    Upon information and belief, bullying reports were not addressed in any way;

i.    Upon information and belief, Defendants BARNETT, KERSH, and TRIGG who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were not disciplined or removed from their positions as coaches; and

j.    Defendants BARNETT, KERSH, and TRIGG otherwise violated school policy and state law.

85.    Defendants disregarded the substantial risks that actions perpetrated against John Doe would constitute criminal acts under the Miss. Code Ann. §97-3-95, and in this action and omission Defendants PPSD, BARNETT, KERSH, and TRIGG were deliberately indifferent to John Doe and his subsequent deprivation of rights.

86.    PPSD policy was not followed at Pearl High School during John Doe's attendance and/or participation in PPSD athletic activities, and was not followed in the case of John Doe's hazing, harassment, bullying, abuse, sexual assault, and other unlawful treatment, and in this action and omission Defendants PPSD, BARNETT, KERSH, and TRIGG were deliberately indifferent to John Doe and his subsequent deprivation of rights.

87.    Defendants' deliberate indifference to John Doe's safety and PPSD policy demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, and supervision during team sport participation.

88.    Defendants PPSD, BARNETT, KERSH, and TRIGG's failure to supervise, discipline, reprimand, report, or terminate from the team the offending older students who assaulted John Doe, manifested a tacit endorsement of a culture of hazing, bullying, abuse, and sexual assault

27

to staff, coaches and students and an endorsement that they could act with impunity toward John Doe.

89.     Defendants PPSD and MORGIGNO's failure to supervise, discipline, reprimand, or terminate Defendants BARNETT, KERSH, and TRIGG for failure to supervise, discipline, reprimand, report, or terminate from the team the offending older students who assaulted John Doe, manifested a tacit endorsement of a culture of hazing, bullying, abuse, and sexual assault to staff, coaches and students and an endorsement that they could act with impunity toward John Doe.

90.     Defendants PPSD and MORGIGNO's failure to supervise, discipline, reprimand, or terminate Defendant BARNETT, KERSH, and/or TRIGG evidenced a tacit endorsement of a culture of hazing, bullying, abuse, and assault manifested to coaches, students, and staff that they could act with impunity toward John Doe.

91.     Defendants PPSD, MORGIGNO, BARNETT, KERSH, and TRIGG had a duty to observe, supervise, and protect John Doe during school-sponsored events, and in practice, while on school grounds and on school-related functions, and they failed to do so.

92.     As a direct and proximate result of the acts and omissions set forth above, John Doe suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

93.     As a direct and proximate result of the acts and omissions set forth above, John Doe suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and

emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

WHEREFORE, Plaintiffs BRENDA MITCHELL, individually and as natural guardian and next friend of JOHN DOE, pray for judgment against Defendants PPSD, MORGIGNO, BARNETT, KERSH, and TRIGG, individually, for money damages in excess of the jurisdictional amount and $5,000,000, plus attorney's fees, interest on any damages awarded, and costs incurred in bringing this action.

WHEREFORE, PREMISES CONSIDERED, BRENDA MITCHELL, individually and as natural guardian and next friend of JOHN DOE, respectfully requests that this *Complaint* be received and filed, and that upon a hearing thereon, that this Court will enter an Order and Judgment against Defendants in an amount to be determined at the trial of this matter, but in excess of $5,000,000. Plaintiff requests a trial by jury, as well as any other relief, either general or specific, to which she or her minor child may be entitled.

RESPECTFULLY SUBMITTED this the 25th day of August, 2020
BRENDA MITCHELL, Individually and as natural guardian and next friend of John Doe

BY:    /s/Rick D. Patt
        RICK D. PATT (MB# 8747) Attorney for Plaintiff

OF COUNSEL:
PATT LAW FIRM, PLLC
P.O. Box 70; Madison, MS 39130-0070
TEL:  (601) 856-3834; FAX:  (601) 510-9045
rick@pattlawfirm.net

J. Peyton Randolph, II (MSB# 4620)
Law Offices of J. Peyton Randolph, II
613 Steed Road; Ridgeland, MS 39157
TEL: 601.605.8537; FAX: 601.605.8539
peyton@JPRII.com
*Attorney for Plaintiff*