# PATT LAW FIRM, PLLC

Mailing Address: P.O. Box 70 • Madison, MS 39130-0070
(601) 856-3834 Phone • (601) 510-9045 Facsimile
www.pattlawfirm.net

**Rick D. Patt**
Attorney at Law
rick@pattlawfirm.net

*Physical Address:*
613 Steed Road
Ridgeland, MS 39157

April 27, 2020
VIA HAND-DELIVERY

Raymond C. Morgigno
Superintendent / Chief Executive Officer
Pearl Public School District
3375 Highway 80 East
Pearl, MS 39208

## NOTICE OF CLAIM

RE:  **Notice of Claim pursuant to the Mississippi Tort Claims Act (Miss. Code Ann. § 11-46-11)**

by:

▇▇▇▇▇▇▇▇▇▇ (DOB: ▇▇/2004), by and through his Natural Guardian and Next Friend, Brenda Mitchell
134 Aero Drive
Pearl, Mississippi 39208
(residence at time of incident and at time of this claim)

by and through attorneys:

| | |
|---|---|
| Rick D. Patt (MB# 8747) | J. Peyton Randolph, II (MB# 4620) |
| PATT LAW FIRM, PLLC | Law Offices of J. Peyton Randolph, II |
| P.O. Box 70 | 613 Steed Road |
| Madison, MS 39130-0070 | Ridgeland, Mississippi 39157 |
| TEL:   (601) 856-3834 | TEL: 601.605.8537 |
| FAX:   (601) 510-9045 | FAX: 601.605.8539 |
| rick@pattlawfirm.net | peyton@JPRII.com |

Dear Superintendent Morgigno:

This letter will serve as official notice of a claim on behalf of ▇▇▇▇▇▇▇▇▇▇, a minor, by and through his Natural Guardian and Next Friend, Brenda Mitchell (hereinafter "Mother" or "Plaintiff" against the Pearl Public School District (hereinafter "PPSD"), and employees and/or agents of PPSD, and any and all those committing acts or omissions who are seen as employees of the same, pursuant to Miss. Code Ann. § 11-46-11, and any

other applicable state or federal statutes or constitutional provisions and/or any applicable state or federal common law causes of action, for actions and/or inactions of PPSD and/or its employees for the actions and/or omission concerning the minor child, ▓▓▓▓▓▓▓▓▓▓▓, hereinafter "▓▓.M.", which actions took place beginning during the 2017-18 school year, and continued through the date of on or around September 21, 2019 at which time the parent named above became aware of the events. PPSD, on its own or through its employees/agents, were aware of, or tacitly acknowledged, a culture of abuse, hazing, bullying, and sexual assault, which resulted in significant injury to the minor, and as a result of the child reporting the same, he was subject to harassment and retaliation, which led to him having to withdraw from school, and be subject to severe emotional distress and injury.

The minor, ▓▓.M., during the time periods set out above, was subject to sexual assault and abuse by older athletic teammates during the times that he was either at school operated by PPSD or on athletic trips organized and supervised by the District and its employees and agents. The agents and employees of the PPSD either knew of the sexual abuse and assault inflicted on younger athletes by older teammates, or should have been aware of such incidents, due to being informed of the same on multiple occasions, but incredibly, the agents and/or employees of PPSD dismissed and downplayed the sexual assaults as hazing or horseplay, and failed to take action to supervise the students or protect those subject to such abuse.

The minor was subject to repeated actions by fellow student-athletes, and which actions are legally defined under the Mississippi Code as "sexual battery", which is any "...penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body". Such violations are felonies, punishable, on each count or occurrence, with imprisonment for up to thirty (30) year, or even life, depending on the ages involved of the victims and perpetrators.

The criminal acts include multiple acts of digital penetration of the child's anus by older teammates, and attempts at penetration by mops, rollers, etc., and illegal fondling of the child's genital parts, pulling the child's head to the private parts of the older teammates to simulate fellatio, etc. Digital penetration was committed on the child around five (5) times when the child was in the seventh (7th) grade, once when he was in the eighth (8th) grade, and before the child entered the ninth (9th) grade, the older athletes began attacking him again. The acts began while the child was a student under the PPSD in the seventh (7th) grade, and continued through the time that he was in the ninth (9th) grade, until ultimately the child attempted to defend himself from his

perpetrators on or around September 21, 2019, after which time he was forced to leave school.

Despite the alleged acts perpetrated on the minor being among the most severe felonies under our law, the PPSD and its agents and employees failed to report such incidents, failed to put a stop to the continued so-called "hazing" of younger student-athletes by older ones, and failed to protect the rights of the child in question. The individuals involved and presumably with knowledge include coaches Chris Barnett, George Kersh, and Glenn Trigg, in either knowing of the sexual abuse or negligently or intentionally failing to be aware of it or stop it. Additionally, several minor student-athletes were the so-called "ringleaders" of assaulting the minor child (and others), and such, being minors, are named herein as John Does 1-10, but no action was ever taken against them by the PPSD or the coaching staff. Therefore, notice is provided in case to PPSD and such employees or agents of PPSD and which may be subject to the Tort Claims Act, and PPSD is noticed for any acts of these individuals who may be seen as employees of it during this time period.

In fact, in July 2019, at a track camp in or around Winston County, Mississippi, at Lake Tiak-O'khata, two upper-classmen athletes jumped on the minor child and other younger track members and attempted felony digital penetration on the minor child, and the coaches did nothing. When the minor child was in the 8th grade, another student athlete told Coach Barnett that an older track athlete was grappling with a younger track athlete and that the older one was trying to [penetrate his anus] with a roller. All the younger athletes were talking about it, and the only action taken by Coach Barnett was to tell the athletes to cut out the "wrestling". Therefore, it is clear that these actions, customs, or rituals were sanctioned by the PPSD and its employees/agents, or a blind eye was turned toward them, and the PPSD failed to properly train, supervise, discipline, or screen its agents/employees, and the actions permitted by the PPSD instituted a *de facto* policy of the district in allowing the customs and rituals to continue.

In spite of the alleged knowledge of the sexual assault, attempted sexual assault, and hazing, the PPSD coaching staff insisted on having younger teammates room with older ones on overnight trips, directly leading to the assaults. Finally, in September 2019, at an overnight track trip, one of the older teammates came into the minor child's room, mounted him in order to sexually assaulted him and another younger teammate. Other younger teammates were yelling out that night that they were also being violated. In fact, one of the younger track athletes specifically informed Coach Barnett that he did not want to return back to the room with the older teammate, but when Coach Barnett found the younger child in another room, he made him go back to the room with the older

teammate who was one of the assaulting ringleaders, telling the younger one that he "did not have a choice." After following the coach's orders to return to the room with the abusive teammate, the other child later secretly returned to the room of his younger friend to avoid the assaults. It was after this trip that the minor child in question herein got into an altercation with the abusive older teammate on a bus ride back, and at this point, he let his mother know what had been happening to him for the last several years.

Incredibly, when this matter was reported to the coaches, the police, and the mayor's office, ultimately since other boys did not come forward to support the child's story, no charges were filed and it was swept under the rug. It is unknown at this time whether or not this allegation was investigated by the District Attorney's office, or whether it remained with the police only. (In many, if not most, child sexual assault cases, the testimony of the child is the only eyewitness account, and there are countless individuals currently serving lengthy prison sentences without parole based solely on the testimony of one child, without physical evidence).

This notice of action is for any state law claims for negligent or intentional acts of the PPSD and its agents/employees for general negligence, willful and wanton conduct, failure to secure a safe and required learning environment for the students, failure to report allegations of abuse, intentional and/or negligent infliction of emotional distress, and violations of state law and PPSD policies, including, but not limited to bullying, harassment, hazing, and assault policies, leading to medical/counselling damage costs, education costs, and other economic and non-economic damages, including punitive damages. Further, this notice will also encompass claims for money damages under 42 U.S.C. §1983 for deprivation under color of state law of the child rights as secured by the U.S. Constitution, including, but not limited to, equal protection, substantive due process, and will be for claims under the Fourth and Fourteenth Amendments to the U.S. Constitution, and any other Mississippi state law claims for willful and wanton conduct, against Defendants in their individual and/or representative capacity.

The Plaintiff will seek any available compensatory damages in a total amount against the Tort Claims Act defendant(s) in the amount of five hundred thousand dollars ($500,000.00), if limited to that figure for only Mississippi Torts Act claims, or the amount of coverage available or the amounts allowed under federal constitutional rights violations under §1983 or other state or federal statutes or constitutional provisions, if such amounts allowed are greater, and will seek additional compensatory and punitive damages should any of the negligent actors be non-Tort Claims Act defendants or not limited in the recovery amount or type of damages under state or federal law. Plaintiff will further seek attorney's fees, interest on any damages awarded, and costs incurred in bringing any action or claim. Plaintiff intends to file a lawsuit in this matter within the

Notice of Claim – Brenda Mitchell
April 27, 2020
Page 5

statutorily allowable time after the expiration of the applicable ninety-five (95) after the receipt of this notice pursuant to Miss. Code Ann. §11-46-11, or within the statutorily-allowable time after any denial of this claim by the governmental entity.

Your consideration of this claim, and your receipt of this notice is greatly appreciated.

Sincerely,
BRENDA MITCHELL, as natural guardian and next friend of
███████████, a minor.

By: _____
Rick D. Patt (MB # 8747)
J. Peyton Randolph, II (MB# 4620)
*Attorneys for purposes of this Notice of Claim*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have on this date, caused to be sent for Hand-delivery on this date (or the date of acceptance by the chief executive officer or his agent, if on a different date) by hand-delivery, a true and correct copy of the above and foregoing Notice of Claim to:

Raymond C. Morgigno
Superintendent / Chief Executive Officer
Pearl Public School District
3375 Highway 80 East
Pearl, MS 39208

So Certified this, the 27 day of April, 2020.

_____
RICK D. PATT (MB #8747)
Attorney for Plaintiff

*Acknowledgment to Accept Notice of Claim to PEARL PUBLIC SCHOOL DISTRICT for:*

Raymond C. Morgigno
Superintendent / Chief Executive Officer
Pearl Public School District
3375 Highway 80 East
Pearl, MS 39208

      RE:    **Notice of Claim pursuant to the Mississippi Tort Claims Act (Miss. Code Ann. § 11-46-11)**

           by:

           ▮▮▮▮▮▮▮▮▮▮▮(DOB: ▮▮▮/2004), by and through his Natural
           Guardian and Next Friend, Brenda Mitchell
           134 Aero Drive
           Pearl, Mississippi 39208
           (residence at time of incident and at time of this claim)

I, (print name) _Cedric Graham_, do hereby acknowledge receipt of the *Notice of Claim* identified above on the 6th day of March, 2020, and further acknowledge that I am duly authorized to receive such *Notice of Claim* for the Chief Executive Officer of the entity listed above, which will be delivered to such person.

So Signed, this the _29_ day of _April_, 2020.

_[signature: Cedric Graham]_